## Wollett v. Goodwin

*William I. Troutman*, for plaintiff.
*Albert Lloyd*, for defendant.

MORGANROTH, P. J., February 4, 1935.—Defendant assigns three reasons in support of his motion to quash the writ of foreign attachment issued in this case.

The third reason is that "there is no allegation in plaintiff's affidavit that Roy C. Goodwin, the defendant, owns or possesses any real estate or other personal estate in the County of Northumberland and State of Pennsylvania, and within the jurisdiction of this court."

On argument, plaintiff agreed that to support a writ of foreign attachment plaintiff must aver in his affidavit that defendant has property within the jurisdiction, and moved to amend, contending that the absence of averment as to ownership of defendant's property may be treated as formal and supplied by amendment. We hold, however,

as did this court, Lloyd, J., in United Silk Mills Co. v. Max Fisel, Inc., 6 Northumb. L. J. 369, 387, that "The amendment in the present case, being substantial and not formal and aiming to cure jurisdictional defects after notice of the same by defendant's motion to quash, is not allowable". Kamsler v. Parker Stores, Inc., 2 D. & C. 317, cited by counsel for the plaintiff, wherein an amendment to the affidavit of cause of action was allowed, is not in point.

And now, February 4, 1935, the plaintiff's amendment to his affidavit of cause of action is disallowed, and defendant's motion to quash the writ is granted, and the writ is herewith quashed.

An exception is noted and bill sealed for plaintiff.